IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH HENDERSON,** : | **CIVIL NO.1:CV-03-1736** |
| : | |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| **ROBERT A. ANSBACH,** : | |
| **WILLIAM HARVEY, and** : | |
| **DAN KAUFMANN,** : | |
| : | |
| **Defendants** : | |

## **M E M O R A N D U M**

Before the court is Plaintiff's motion for a new trial. (Doc. 87.) A jury trial was held in the captioned matter on February 7-10, 2005, and resulted in a verdict in favor of Defendant Mayor Robert Ansbach. Plaintiff now raises two issues of alleged error that he contends warrant a new trial. The matter has been briefed and is ripe for disposition. The court finds that Plaintiff's arguments are ill-founded and will deny his motion.

**I.   Background**

The factual and procedural background of the captioned matter is well-known to the parties and will not be reiterated in detail. The relevant background to the instant motion is as follows. Plaintiff, a police officer with the city of Lebanon, Pennsylvania, initiated a civil action pursuant to 42 U.S.C. § 1983, alleging retaliation for the exercise of his First Amendment rights. Specifically, Plaintiff alleged that he was denied promotion to the rank of sergeant in retaliation for comments he made to

a newspaper reporter that were allegedly critical of a newly formed drug task force. Named as Defendants in Plaintiff's Complaint were William Harvey, Dan Kaufmann, and Mayor Robert Ansbach.

On September 22, 2004, Defendants filed a motion for summary judgment. (Doc. 15.)  The court granted Defendants' motion with respect to Defendants Harvey and Kaufman; however, the court denied Defendants' motion with respect to Defendant Ansbach. (Doc. 46.)  In its pretrial order, the court provided: "The factual issues that will be decided by the jury are as follows:  Plaintiff must show that his protected activity was a substantial or motivating factor in the alleged retaliatory conduct and Defendant can rebut Plaintiff's claim by demonstrating that he would have taken the same action even in the absence of the protected conduct."  (Doc. 49.)

On December 23, 2004, Defendant Ansbach filed a motion *in limine* seeking to preclude Plaintiff from presenting testimony or evidence at the time of trial with respect to future economic claims for diminished earning capacity or loss of retirement income. (Doc. 33.)  Defendant Ansbach based his motion on the fact that discovery in the matter had closed, the time for identifying and producing experts had expired, and Plaintiff had failed to produce an expert report or documentation substantiating his claim for future loss of earnings or loss of retirement income. (*Id*.)

On January 14, 2005, Defendant Ansbach filed his pretrial memorandum and proposed voir dire questions. (Docs. 41, 44.)  Defendant included in his pretrial memorandum proposed special verdict questions. (Doc. 41.)  Plaintiff also filed his pretrial memorandum and proposed voir dire questions; however, Plaintiff did not file any proposed special verdict questions. (Docs. 40, 43.)

On January 14, 2005, the court granted in part and denied in part Defendant Ansbach's motion *in limine* to exclude certain testimony and evidence. (Doc. 42.) In that order, the court, *sua sponte*, directed that the trial would be bifurcated between the issue of liability and the issue of damages. Furthermore, the court directed that neither party was to reference damages in their opening or in their case-in-chief. (*Id*.) Additionally, the court directed Plaintiff to submit a damages model that set forth the mathematical calculations of the alleged monetary losses. (*Id*.) Plaintiff did not object to the court's order or file a motion for reconsideration.[1]

Plaintiff filed the following proposed verdict question at the conclusion of testimony: "Did Defendant retaliate against the Plaintiff for Plaintiff's protected speech?" (Special Inter., Doc. 69 at 1.) The court declined to submit Plaintiff's proposed verdict question to the jury. The two questions presented to the jury were as follows: (1) "Do you find by a preponderance of the evidence that Plaintiff's comments to the news reporter was a substantial or motivating factor in Mayor Ansbach's decision to promote other applicants to the position of Sergeant within the Police Department?"; and (2) "Do you find by a preponderance of the evidence that Mayor Ansbach would have reached the same decision on promotion to the rank of sergeant even in the absence of any protected speech by Plaintiff?" (Doc. 77.)

The jury found that Plaintiff's protected activity was a substantial or motivating factor in the alleged retaliatory conduct. (*Id.*) However, the jury also found that Defendant would have taken the same action even in the absence of the

---

[1] Plaintiff filed a motion for reconsideration of the court's order granting in part and denying in part Defendants' motion for summary judgment on January 24, 2005. (Doc. 50.) The court denied Plaintiff's motion on February 3, 2005. (Doc. 58.)

protected conduct. (*Id.*) Thus, Defendant was found not liable for violating Plaintiff's First Amendment rights.

## II.        **Legal Standard: Motion for a New Trial**

A motion for a new trial is governed by Federal Rule of Civil Procedure 59. Under this rule, in the case of a jury trial, "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1). In the Third Circuit, a new trial is warranted "when the verdict is against the great weight of the evidence or errors at trial produce a result inconsistent with substantial justice." *Sandrow v. United States*, 832 F. Supp. 918, 918 (E.D. Pa. 1993) (citing *Roebuck v. Drexel Univ.*, 852 F.2d 715, 735-36 (3d Cir. 1988)); *see also Bullen v. Chaffinch*, 336 F. Supp. 2d 342, 346 (D. Del. 2004) (noting that excessive damages or improper use of peremptory challenges to exclude potential jurors on the basis of race are other grounds for a new trial).

When a motion for a new trial is based on a prejudicial error of law, the court has broad discretion to order a new trial. *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993). If, however, a motion for a new trial is premised on a verdict that is allegedly against the weight of the evidence, the court's discretion is more limited. *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991). Under these circumstances, a new trial should only be granted when the verdict "cries out to be overturned or shocks the conscience." *Id*. Nonetheless, in reviewing a motion for a new trial, the court must draw all reasonable inferences in favor of the

verdict winner. *Marino v. Ballestas*, 749 F.2d 162, 167 (3d Cir. 1984); *see also* 12 James Wm. Moore et al., Moore's Federal Practice § 59.13.

### III.      Discussion

Plaintiff asserts that the court made two errors that unduly prejudiced him and warrant a new trial. First, Plaintiff alleges that the court erred by failing to submit Plaintiff's proposed verdict question to the jury. Second, Plaintiff asserts that the court erred by bifurcating the trial to address the issues of liability and damages. The court finds Plaintiff's arguments to be unconvincing, and will deny Plaintiff's motion for a new trial for the reasons that follow.

#### A.      Plaintiff's Proposed Verdict Question

Plaintiff argues that the court erred by not submitting his proposed verdict question to the jury. As stated, Plaintiff's proposed verdict question asked the following: "Did Defendant retaliate against the Plaintiff for Plaintiff's protected speech?" (Special Inter., Doc. 69 at 1.) Plaintiff argues that he needed only to prove that he "was subjected to conduct that would deter a person of ordinary firmness from engaging in protected speech." (Pl.'s Br. Supp. Mot. For New Trial at 3.) According to Plaintiff, an affirmative answer to this question would have entitled Plaintiff to damages.

Plaintiff argues that because the jury answered in the affirmative to the court's first verdict question,[2] the jury in essence gave an affirmative answer to the

---

[2] As stated, the court's first verdict question was as follows: "Do you find by a preponderance of the evidence that Plaintiff's comments to the news reporter was a substantial or motivating factor in Mayor Ansbach's decision to promote other applicants to the position of Sergeant within the Police Department?"
(continued...)

5

verdict question proposed by Plaintiff. (Pl.'s Br. Supp. New Trial at 3.) As a result, Plaintiff argues that he was entitled to damages. Plaintiff's argument appears to rest not so much on the issue of the exclusion of his proposed verdict question, but that the court did not provide an award of damages for an affirmative answer to the court's first verdict question.[3] The court disagrees.

Plaintiff bases his argument upon *Suppan v. Dadonna*, 203 F.3d 228 (3d Cir. 2000). The plaintiffs in *Suppan* asserted that they had been denied promotions and subjected to a pattern of harassment in retaliation for the exercise of their First Amendment rights. *Id.* at 230-32. Specifically, the defendants in *Suppan* had intentionally lowered the plaintiffs' evaluation scores. The district court found that plaintiffs were not able to show that in the absence of the intentionally lowered scores that they would have been promoted. *Id.* at 232. According to the district court, there was no violation of the plaintiffs' First Amendment rights. *Id*. The Third Circuit disagreed and found that the lowering of the score itself was a violation of the plaintiffs' First Amendment rights. *Id*. The Third Circuit stated that if "a factfinder . . . could determine that the alleged retaliatory conduct was sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights . . . some relief may be appropriate." *Id.* at 235.

However, Plaintiff overlooks the fact that the *Suppan* court also provided:

---

[2](...continued)
(Doc. 77.)

[3]Plaintiff's Complaint asserted that Defendant failed to promote him in retaliation for his First Amendment speech. This claim was properly addressed in the verdict question provided to the jury. Thus, Plaintiff's proposed verdict question was not necessary. The court finds that Plaintiff was not prejudiced by the exclusion of his proposed verdict question.

> In a First Amendment retaliation case, the plaintiff has the initial burden of showing that his constitutionally protected conduct was a "substantial" or "motivating factor" in the relevant decision. Once the plaintiff carries this burden, the burden shifts to the defendant to show "by a preponderance of the evidence that it would have reached the same decision even in the absence of the protected conduct."

*Id*. (internal citations omitted). The *Suppan* court based it rationale on *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). In quoting *Mt. Healthy*, the *Suppan* court stated: " 'A rule of causation which focuses solely on whether protected conduct played a part, "substantial" or otherwise . . . could place an employee in a better position as a result of the exercise of constitutionally protected conduct than he would have occupied had he done nothing. . . . *The constitutional principle at stake is sufficiently vindicated if such employee is placed in no worse a position than if he had not engaged in the conduct*." *Id.* at 236 (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ.*, 429 U.S. at 285 (emphasis added by the *Suppan* court)). In finding that a defendant may effectively rebut a plaintiff's assertion of retaliation by showing that the defendant would have engaged in the same conduct absent the plaintiff's protected activity, the *Suppan* court provided that it is not the plaintiff's burden to prove "but for" causation. *Id*. Instead, the defendant must prove that the plaintiff's protected conduct was not the "but for" cause. *Id*. Thus, according to *Suppan*, "if the defendant is able to show by a preponderance of evidence that the same decision would have been made had the protected conduct not played a substantial role, no relief will be required." *Id*.

According to the rationale provided in *Suppan*, the court finds that Plaintiff's argument is incorrect. Plaintiff argues that a "successful plaintiff need only prove that he/she was subjected to conduct that would deter a person of ordinary

firmness from engaging in protected speech." (Pl.'s Br. Supp. New Trial at 3.) However, as provided in *Suppan*, a plaintiff's otherwise successful claim can be negated by a defendant showing that the same decisions would have been made irrespective of the plaintiff's protected activity. *Suppan*, 203 F.3d at 236; *see also Baldassare v. New Jersey*, 250 F.3d 188, 194 (3d Cir. 2001).

The court finds that the verdict questions presented to the jury were consistent with Third Circuit case law. Plaintiff was not entitled to damages simply because the jury found that Plaintiff's protected speech was a substantial or motivating factor in Defendant's decision not to promote Plaintiff. As stated, the jury found that Defendant would not have promoted Plaintiff, irrespective of Plaintiff's protected speech. Therefore, Plaintiff was not entitled to damages. The court finds that Plaintiff was not prejudiced by an error of law. Accordingly, the court will deny Plaintiff's motion for a new trial based on the aforementioned argument.[4]

---

[4] Defendant also asserts that Plaintiff's submission of his special verdict questions was not timely. Furthermore, Defendant asserts that Plaintiff's motion for a new trial should be denied because Plaintiff did not present any evidence or testimony in his case-in-chief regarding the alleged "chilling effect" that Defendant's actions had upon Plaintiff's exercise of his first amendment rights. Because the court finds that there was no error of law in the verdict questions presented, the court will not address Defendant's additional arguments.

### B. **Bifurcation of the Trial**

Federal Rule of Civil Procedure 42(b) provides that issues may be severed and tried separately "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The decision to bifurcate a trial is in the trial court's discretion. *See Barr Laboratories, Inc. v. Abbott Laboratories*, 978 F.2d 98, 115 (3d Cir. 1992).

Plaintiff asserts that bifurcation did not promote judicial economy and prejudiced Plaintiff. Plaintiff bases his argument on the following facts. During the jury deliberations, the jury came back with a question of whether or not a verdict for Plaintiff would result in Plaintiff being promoted to the position of sergeant. The court instructed the jury that they should not consider the consequences of their verdict in determining liability. Plaintiff correctly notes that the jury was not aware that they would have had an opportunity to determine a proper award for Plaintiff if they found in favor of Plaintiff. Based on this, Plaintiff asserts that he was prejudiced. According to Plaintiff, if the jury had been aware that they could have found liability in his favor and granted him monetary or nominal damages instead of promoting him, the jury may have reached a different verdict.

The court flatly rejects Plaintiff's argument. As stated, the following verdict questions were presented to the jury. First, the court asked "[d]o you find by a preponderance of the evidence that Plaintiff's comments to the news reporter was a substantial or motivating factor in Mayor Ansbach's decision to promote other applicants to the position of Sergeant within the Police Department?" (Doc. 77.) This question required a yes or no answer. If Plaintiff's conduct was a substantial or motivating factor then the answer was yes. If it was not, then the answer was no.

Second, the court asked "[d]o you find by a preponderance of the evidence that Mayor Ansbach would have reached the same decision on promotion to the rank of sergeant even in the absence of any protected speech by Plaintiff?" (*Id*.)  Again the question required a yes or no answer.  Put simply, there was no "maybe" answer for either question.  The jury was given two issues to determine, and they were to determine those issues regardless of any potential damages that may have been awarded to Plaintiff.  The jury found that Defendant would have taken the same action even in the absence of any protected speech by Plaintiff; therefore, Plaintiff was not entitled to any damages.  (*See supra* at 5-8.)

Additionally, Plaintiff argues that the bifurcation of issues did not serve the needs of judicial economy.  Plaintiff argues that *if* the jury *had* found in favor of Plaintiff, both Plaintiff and Defendant would have had to present evidence to the jury with respect to the issue of damages.  According to Plaintiff, the result would have been "recalling the same witness and wasting the court's time to needlessly listen to the same witness revisit the same testimony would have been a waste of judicial resource, instead of a promotion of judicial economy."  However, Plaintiff did not prevail at trial.  Delving into speculation about how the court's resources may have been wasted had Plaintiff prevailed at trial is, in and of itself, a waste of the court's resources.

The court based its decision to bifurcate the trial on considerations of judicial economy.  Additionally, since the very issue of damages and the presentation of evidence and expert testimony relevant to damages was highly contested by Defendant, the court, in its discretion, deferred ruling on issues relevant to damages so as not to obscure the issue of liability.  Moreover,  Plaintiff did not object to the

court's decision to bifurcate the trial or file a motion for reconsideration.  Plaintiff fails to articulate that he suffered any prejudice by the bifurcation of the trial.  Thus, the court will deny Plaintiff's motion for a new trial based on the bifurcation of the trial.

**IV.**       **Conclusion**

In accordance with the foregoing discussion the court will deny Plaintiff's motion for a new trial.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  June 14, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH HENDERSON,** | : | **CIVIL NO.1:CV-03-1736** |
| **Plaintiff** | : | |
| v. | : | |
| **ROBERT A. ANSBACH, WILLIAM HARVEY, and DAN KAUFMANN,** | : | |
| **Defendants** | : | |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT:**

    1) Plaintiff's motion for a new trial (doc. 87) is **DENIED**.

    2) The Clerk of Court is directed to close the case.

                                     s/Sylvia H. Rambo
                                       SYLVIA H. RAMBO
                                       United States District Judge

Dated: June 14, 2005.